### NEW YORK NEWS PUB. CO. v. DE FREITAS.

(Circuit Court of Appeals, Second Circuit. January 7, 1898.)

#### No. 17.

LIBEL—INSTRUCTION AS TO DAMAGES—DISCRETION OF JURY.
In an action for publishing a libel charging plaintiff with a grave crime, it is not error to refuse to instruct the jury that they may find a verdict for nominal damages, though the evidence may warrant such a verdict, the amount of damages awarded being discretionary with the jury, within the evidence.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action for libel by De Freitas against the New York News Publishing Company. There was judgment upon a verdict for plaintiff, and defendant brings error.

Delos McCurdy, for plaintiff in error.
S. R. Ten Eyck, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. Error is assigned to the refusal of the trial judge to instruct the jury that they might find a verdict for nominal damages. The action was libel, and the libel imputed to the plaintiff complicity in the theft or embezzlement, recently discovered at Rio Janeiro, of a large sum of money. The libel was published in a newspaper of New York City, having no circulation outside of that locality. The plaintiff was a citizen of Brazil, residing in Rio Janeiro, and keeping hotel there at the time. The evidence authorized the jury to find that the article was published by the defendant without actual malice, as a news item received from a reputable news agency in the usual course of business. The trial judge instructed the jury that, although there was no proof of actual damages in the case, the law presumed the plaintiff had been injured in his feelings and reputation by the publication of the libelous article, and that they were authorized to award to him compensatory damages. He subsequently instructed them that there was no evidence that the plaintiff himself had ever seen the libelous article, or that it had ever been read by any resident of Brazil, and that there was no evidence that the plaintiff had been injured by it in his business, property, or social status. He was requested for the defendant to instruct the jury that, if they

found that the article was published without malice, in good faith, and in the usual course of business, they might find a verdict for nominal damages. This instruction was refused.

The law implies damages from a publication of a libel, as in all other cases of actionable wrong, and a party is ordinarily entitled to a substantial recovery if the libel has imputed to him a grave crime or a degrading offense. Nevertheless, there are cases in which it is apparent, from the peculiar facts attending the publication or the situation of the plaintiff, that the real injury has been inappreciable, and the wrong practically inconsequential; in which cases it is the province of the jury, in the exercise of their discretion, to award small damages or nominal damages only. Whether the circumstances in evidence in the present case were such as would have justified a verdict for nominal damages only is a question which we are not called upon to decide. Assuming that they were, and that the instruction requested for the defendant might have been properly given, the refusal was not error. The instruction was one to be given or withheld, in the discretion of the trial judge. He had instructed the jury that they were to award compensatory damages, and had called their attention to the fact tending to show that the plaintiff had not suffered in his feelings, nor to the extent ordinarily incident to the publication of a libel in other respects. It was no more his duty to instruct them that they might award nominal damages than it would have been to instruct them that they might award ony other specified amount. The case was not one in which nominal damages only were recoverable. Having given them the correct rule of damages, he properly left it to their discretion to ascertain what sum would adequately compensate the plaintiff. They were at liberty, upon the evidence, to find damages in a nominal sum, or any larger sum which might not be excessive. We find no error in the rulings on the trial, and the judgment is therefore affirmed.